**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**NEATER K. POOLE,**
  **Plaintiff,**

**vs.**           **CASE NO.: 5:08cv346/RS/MD**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
  **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claim for benefits. Pending is the defendant's consent motion to remand pursuant to sentence four of § 405(g) (doc. 21). The plaintiff does not oppose the motion according to the certification of the defendant.

Pursuant to sentence four of 42 U.S.C. § 405(g), the court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." The Commissioner of Social Security states that remand is appropriate so the ALJ can be directed to request that the treating and examining sources provide additional evidence and clarification of their opinions and their medical source statements about what plaintiff can do despite her impairments. Additionally, the ALJ will be directed to further evaluate plaintiff's subjective complaints and provide rationale in accordance with the commissioner's guidance pertaining to the evaluation of symptoms at 20 C.F.R. §§ 404.1529, 416.929, and Social Security Ruling 96-7p. Finally, the ALJ will issue a new decision containing the ALJ's findings. Good cause has been shown for remand.

Accordingly, it is **RECOMMENDED** as follows:

1.      That the defendant's consent motion to remand (doc. 21) be **GRANTED** and the Commissioner's decision denying benefits be **REVERSED**.

2.      That this case be remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3.      That defendant be ordered to direct the Administrative Law Judge to request that the treating and examining sources provide additional evidence and clarification of their opinions and their medical source statements about what plaintiff can do despite her impairments.  Additionally, the ALJ will be directed to further evaluate plaintiff's subjective complaints and provide rationale in accordance with the commissioner's guidance pertaining to the evaluation of symptoms at 20 C.F.R. §§ 404.1529, 416.929, and Social Security Ruling 96-7p.  Finally, the ALJ will issue a new decision containing the ALJ's findings.

4.      That the clerk be directed to enter judgment for plaintiff and close the file.

**DONE AND ORDERED** this 14ᵗʰ day of August, 2009.


/s/ *Miles Davis*
        **MILES DAVIS**
        **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and al other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**